IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALJAY LOCKETT, JR., #133930, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:18-CV-957-WHA |
| | ) | |
| CHARLES PRICE, et al, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In this 42 U.S.C. § 1983 complaint, Aljay Lockett, Jr., a state inmate and frequent federal litigant, challenges actions taken by Judge Charles Price, a former circuit judge for Montgomery County, Alabama, during resentencing proceedings conducted in January of 2000. Specfically, Lockett alleges that the sentence imposed by Judge Price resulted in his false imprisonment from the time of the challenged resentencing until November of 2012 when the trial court again resentenced him. Doc. 1 at 2–3. Lockett seeks monetary damages for the alleged violation of his constituitonal rights.

On November 15, 2018, the Magistrate Judge entered a Recommendation (Doc. #3) that this case be summarily dismissed as Lockett is in violation of the "three strikes" provision of 28 U.S.C. § 1915(g). On November 27, 2018, Lockett timely filed objections to the Recommendation (Doc. #4). In this document, Lockett initially questions whether he has filed three prior 42 U.S.C. § 1983 civil actions which qualify as "strikes" under 28 U.S.C. § 1915(g). After a thorough review of the records of this court and those of the

United States District Court for the Northern District of Alabama, the court finds that each of the five civil actions listed in the Recommendation, Doc. #3 at 2, are § 1983 cases which were summarily dismissed under § 1915 and are therefore properly considered "strikes" for purposes of § 1915(g). Next, Lockett seeks an extension of time to pay the filing fee to ascertain whether family members will send him the necessary funds for payment of the fee. This extension is not warranted as the law is well settled that Lockett must pay the fee at the time he files the complaint. *See* Doc. #3 at 5-6. Finally, Lockett appears to argue that this 42 U.S.C. § 1983 action, in which his sole request for relief is monetary damages, should be construed as a § 2254 habeas petition, an action which is not subject to the "three strikes" bar contained in 28 U.S.C. § 1915(g). Because Lockett filed this case as a § 1983 action seeking relief which is only available in such an action, the case should not be construed as a habeas action. Moreover, the procedural bars applicable to a habeas petition, i.e., statute of limitations, successive petition and the "in custody" requirement, would bar any current habeas challenge to the 2000 resentencing.

      Accordingly, it is hereby ORDERED as follows:

1. The motion for extension of time to pay the filing fee (Doc. 4 at 2) is DENIED.
2. The objections filed by Lockett are OVERRULED.
3. The Recommendation of the Magistrate Judge is ADOPTED.
4. The motion for leave to proceed *in forma pauperis* filed by Lockett (Doc. 2) is DENIED.

5. This case is DISMISSED without prejudice for Lockett's failure to pay the full filing fee upon the initiation of this case in accordance with applicable federal law.

A separate Final Judgment will be entered.

DONE this 11th day of January, 2019.

/s/ W. Harold Albritton
SENIOR UNITED STATES DISTRICT JUDGE